1   BRIEN J. FARRELL, City Attorney (SBN 088318)
    CAROLINE L. FOWLER, Assistant City Attorney (SBN 110313)
2   City of Santa Rosa
    100 Santa Rosa Avenue
3   P. O. Box 1678
    Santa Rosa, California 95402-1678
4
    Telephone:  (707) 543-3040
5   Facsimile:  (707) 543-3055

6   Attorneys for Defendants
    CITY OF SANTA ROSA; BRIAN MANN, an individual and
7   Officer of the SANTA ROSA POLICE DEPARTMENT; DAVID PHILLIPS,
    an individual and Officer of the SANTA ROSA POLICE DEPARTMENT
8   and DENISE QUINONES, an individual and officer of the
    SANTA ROSA POLICE DEPARTMENT
9

**ORIGINAL FILED**

MAY - 9 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**E-filing**

**WDB**

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                                          Case No.

13   JONATHAN SHUMAN,

14              Plaintiff,            NOTICE OF REMOVAL OF ACTION
                                      UNDER 28 U.S.C. § 1441(b)
15   v.
                                      (FEDERAL QUESTION)
16   CITY OF SANTA ROSA, a chartered city;
     BRIAN MANN, an individual and officer of    JURY TRIAL DEMANDED
17   the SANTA ROSA POLICE DEPT.;
     _____ PHILLIPS, an individual and
18   officer of the SANTA ROSA POLICE
     DEPT.; _____ QUINONES, an
19   individual and officer of the SANTA ROSA
     POLICE DEPT. and DOES ONE through
20   FIFTY, inclusive.

21              Defendants.
     _____/

22       TO THE CLERK OF THE ABOVE ENTITLED COURT:

23          Please take notice that Defendants City of Santa Rosa, Brian Mann, an individual an

24   officer of the Santa Rosa Police Dept.; David Phillips, an individual and officer of the Santa

25   Rosa Police Dept. erroneously sued and served as _____Phillips, an individual and officer

26   of the Santa Rosa Police Dept.; and Denise Quinones, an individual and officer of the Santa Rosa

27   Police Dept. erroneously sued and served as _____ Quinones, an individual and officer of

28   the Santa Rosa Police Dept. (hereinafter "City"), hereby removes to this Court the State Court

action described below:

1.   On February 20, 2007, an action was filed in the Superior Court in the State of California in the County of Sonoma entitled *Jonathan Shuman v. City of Santa Rosa, a chartered city; Brian Mann, an individual and officer of the Santa Rosa Police Dept.; _____ Phillips, an individual and officer of the Santa Rosa Police Dept.; _____ Quinones, an individual and officer of the Santa Rosa Police Dept.; and Does One through Fifty*, Case No. SCV-240232. (Attached as Exhibit A.)

2.   The first date which the City received and was served with the Summons and Complaint by mail with a Notice and Acknowledgment was April 18, 2007. Thirty days has not elapsed since service of the Summons and Complaint.

3.   The Summons and Complaint are attached at Exhibit A. Copies of other documents served with the Complaint - County of Sonoma Notice of Assignment to One Judge for all Purposes, Notice of Case Management Conference and Order to Show Cause, ADR Information Sheet, Stipulation and Order Referring Matter to Alternative Dispute Resolution, and Case Management Statement form are attached as Exhibit B.

4.   This Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1331. This case is one which may be removed to this Court by defendants pursuant to 28 U.S.C. § 1441(b) because it arises under the Fourth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. §§ 1983 and 1988 (Violation of Civil Rights). Plaintiffs claim that Officers Mann, Phillips and Quinones used excessive force in effecting an arrest of plaintiff Jonathan Shuman; that the defendants falsely arrested and falsely imprisoned the plaintiff. These claims are asserted independently against only these removing defendants.

5.   This Court has jurisdiction over plaintiffs' pendent state claims.

6.   A true and correct copy of the filed Notice of Removal will be promptly served on plaintiffs' counsel.

7.   Proper venue for this action lies in the United States District Court for the Northern District pursuant to 28 U.S.C. § 1441(a).

8.   Defendants City of Santa Rosa, Santa Rosa Police Officer Brian Mann, Santa Rosa

1    Police Officer David Phillips and Santa Rosa Police Officer Denise Quinones each desire to

2    remove this action to this Court as provided by law and request a jury trial.

3

4    Dated: May 8, 2007                        _Caroline L. Fowler_

                                        Caroline L. Fowler

5                                Assistant City Attorney

                               Attorney for Defendants

6                                City of Santa Rosa, Santa Rosa Police Officers

                               Brian Mann, David Phillips and Denise Quinones

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Notice of Removal of Action, Case No. _____                  

**EXHIBIT A**

ENDORSED
FILED

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

FEB 20 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
CITY OF SANTA ROSA, a chartered city; BRIAN MANN, an
individual and officer of the Santa Rosa Police
Dept.;              PHILLIPS, an individual and officer
of the Santa Rosa Police Dept.;              QUINONES,
an individual and officer of the Santa Rosa Police
Dept. and DOES ONE through FIFTY, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
JONATHAN SHUMAN

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte.  Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* SCV 2:0232 |
|---|---|

Sonoma County Superior Court - Unlimited Jurisdiction
600 Administration Drive, Room 107-J

Santa Rosa, CA 95403

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Frank J. Christy, Jr., CSBN 119615                    (707) 773-2714  (707) 762-3538
Law Offices of Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA  94952

| DATE: FEB 2 0 2007 | DENISE L. GORDON | Clerk, by | **Julia Shields** | , Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 (Rev. January 1, 2004) | SUMMONS | Legal<br>Solutions<br>☼ Plus | Code of Civil Procedure §§ 412.20, 465 |
|---|---|---|---|

ENDORSED
FILED

FEB 20 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

1   FRANK J. CHRISTY, JR., ESQ. (119615)
    LAW OFFICES OF FRANK J. CHRISTY, JR.
2   11 Western Avenue
    Petaluma, CA 94952
3   Telephone: 707/773-2714
    Facsimile: 707/762-3538
4
    Attorney for Plaintiff
5   JONATHAN SHUMAN

6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                 IN AND FOR THE COUNTY OF SONOMA

9                    UNLIMITED CIVIL JURISDICTION

10

11   JONATHAN SHUMAN,                    )   Case No.: SCV- 240232
                                         )
12           Plaintiff,                   )   COMPLAINT FOR DAMAGES
                                         )   1. Excessive and Unreasonable Use of
13   v.                                   )      Force in Violation of Civil Rights -
                                         )      42 U.S.C. § 1983
14   CITY OF SANTA ROSA, a chartered      )   2. Excessive and Unreasonable Use of
     city; BRIAN MANN, an individual      )      Cal. Civ. Code § 52.1 - The Bane Civil
15   and officer of the SANTA ROSA        )      Rights Act
     POLICE DEPT.;          PHILLIPS,     )   3. Assault
16   an individual and officer of the     )   4. Battery
     SANTA ROSA POLICE DEPT.;             )   5. False Arrest
17          QUINONES, an individual       )   6. False Imprisonment
     and officer of the SANTA ROSA        )   7. Intentional Infliction of Emotional
18   POLICE DEPT.; and DOES ONE through   )      Distress
     FIFTY, inclusive.                    )   8. Negligence
19                                        )
             Defendants.                  )
20   _____ )   JURY TRIAL DEMANDED

21           COMES NOW PLAINTIFF JONATHAN SHUMAN and Complains of Defendants, and

22   each of them as follows:

23              ALLEGATIONS REGARDING JURISDICTION AND VENUE

24        1.      This Court has jurisdiction over the claims of Plaintiff pursuant to 42 U.S.C. §

25   1983, the United States and California Constitutions, California statutory law including but not

26   limited to California Civil Code sections 52.1, and California common law.

27

28   Complaint for Damages

2.    Venue in this Court is proper because each and every act or omission complained of herein took place within the CITY OF SANTA ROSA, County of Sonoma, California on or about March 21, 2006, and each and every party herein lives, works or is in some manner situated in the County of Sonoma, California, and did live, work or was situated in the County of Sonoma at the time of the incident complained of herein.

3.    Moreover, unlimited civil jurisdiction in the Sonoma County Superior Court is appropriate because Plaintiff alleges that he has sustained damages in excess of the minimum amount necessary for unlimited civil jurisdiction.

4.    On July 6, 2006, a claim was presented to Defendant CITY OF SANTA ROSA on behalf of Plaintiff. Attached hereto as **Exhibit "A,"** and incorporated herein by this reference, is a true and correct copy of the claim presented to Defendant CITY OF SANTA ROSA on behalf of Plaintiff.

5.    The aforementioned claim was rejected by Defendant CITY OF SANTA ROSA on August 21, 2007. Attached hereto as **Exhibit "B,"** and incorporated herein by this reference, is a true and correct copy of the Notice of Rejection of Claim presented to Plaintiff by Defendant CITY OF SANTA ROSA.

## PARTIES

6.    Plaintiff JONATHAN SHUMAN is an adult male residing in the County of Sonoma at all times mentioned herein..

7.    Defendant CITY OF SANTA ROSA (hereinafter referred to as the CITY) is a municipal entity incorporated under the laws of the State of California and the SANTA ROSA POLICE DEPT. (hereinafter referred to as the POLICE DEPT.) is an authorized agency of the CITY.

8.    Defendants BRIAN MANN, _____ PHILLIPS, and _____ QUINONES, and each of them, (hereinafter referred to as the POLICE OFFICERS) are sworn officers of the POLICE DEPT. within the County of Sonoma, California.

Complaint for Damages                    2

9.    Plaintiff does not know the true names and/or capacities, whether corporate, associate, individual or otherwise, of Defendants sued herein under Code of Civil Procedure section 474 as DOES ONE through FIFTY, and therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously-named Defendants is negligently responsible, vicariously responsible, breached express or implied warranties, is strictly liable or otherwise legally responsible in some manner for the events and happenings complained of herein and thereby proximately caused injury and damage to Plaintiff. Plaintiff prays for leave of Court that when the true names and capacities of said fictitiously-named Defendants, or any of them is ascertained, that Plaintiff be permitted to amend this Complaint for Damages accordingly with appropriate charging allegations as to each Defendant.

## GENERAL FACTUAL ALLEGATIONS

10.    That on or about March 21, 2006, 2315 hours, Plaintiff, who was walking home, was stopped by Officer Quinones of the Santa Rosa Police Department; that Officer Quinones thereafter called for backup at which point Officers Mann and Phillips responded to the scene; that Officer Quinones placed Plaintiff under arrest, cuffed Plaintiff and placed him in the back of Officer Mann's patrol car, that Plaintiff thereafter attempted to get the attention of the officers so that they would be sure to bring his medication with them to the Jail; that Officers Mann and Phillips thereafter pulled Plaintiff out of the patrol car and threw Plaintiff to the ground causing injury to Plaintiff's face and left shoulder; that Plaintiff was then hog-tied and placed back of Officer Mann's patrol car without any attempt to restrain him; thereafter, Officer Mann drove Plaintiff to the Sonoma County Jail – without having his injuries examined at a hospital - and during the drive to the Jail Officer Mann "break checked" Plaintiff; and that when Officer Mann arrived at the Sonoma County Jail, Officer Mann boasted to law enforcement officers present that he "fucking break checked" Plaintiff.

Complaint for Damages                    3

11.    In using the force complained of herein, the POLICE OFFICERS acted as agents, representatives and employees of Defendant CITY OF SANTA ROSA and SANTA ROSA POLICE DEPT., and at all pertinent times, were acting within the course and scope of their employment with Defendant CITY OF SANTA ROSA and SANTA ROSA POLICE DEPT.  As such, Defendant CITY OF SANTA ROSA can be held vicariously liable for the actions of the POLICE OFFICERS as further pleaded herein.

## FIRST CAUSE OF ACTION

### Excessive and Unreasonable Use of Force in Violation of Civil Rights - 28 U.S.C. § 1983

### Against All Defendants

12.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, as if set forth in full in this First Cause of Action.

13.    In using the force complained of herein, including but not limited to throwing Plaintiff to the ground, hog-tying Plaintiff and placing him in a police vehicle without restraints and while transporting Plaintiff to the Jail - brake checking Plaintiff, the POLICE OFFICERS acted without justification or lawful privilege, acted excessively and unreasonably, with deliberate indifference to the rights of Plaintiff, and with an intent to violate the Plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution which is actionable against the Defendants, and each of them, in this Court pursuant to 42 U.S.C. § 1983.

14.    In using the force complained of herein, the POLICE OFFICERS' conduct violated clearly-established statutory and/or Constitutional rights and safeguards which would

Complaint for Damages                                        4

have been known to any reasonable person under the same circumstances, including but not limited to Plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. §§ 1981, 1983.

15.    As a direct and proximate result of the POLICE OFFICERS' actions as complained of herein, Plaintiff was severely and wrongfully injured in his health, strength, and activity, and sustained shock and injury to his nervous system and psyche, as well as harm to his personal dignity, all of which has caused and continues to cause Plaintiff great mental and physical pain and suffering in an amount according to proof at the time of trial.

16.    As a further direct and proximate result of the POLICE OFFICERS' actions as complained of herein, Plaintiff has incurred or will incur attorneys' fees and related litigation costs recoverable under 42 U.S.C. § 1988, in an amount according to proof at the time of Trial.

17.    As to the individual POLICE OFFICERS named herein, each of them is liable to Plaintiff for punitive or exemplary damages in an amount according to proof at the time of Trial because the conduct of the individual POLICE OFFICERS, as complained of herein was willful, reckless, malicious, without justification, and done with a deliberate indifference to Plaintiff's rights rising to the level of an evil motive toward Plaintiffs. Plaintiff prays for an amount of punitive damages against the individual POLICE OFFICERS named herein that is sufficient to deter such wrongdoing in the future and to make an example of said POLICE OFFICERS.

18.    Defendant CITY OF SANTA ROSA is also liable as a municipal entity under 42 U.S.C. § 1983 pursuant to the holding of *Monell v. New York Dept. of Social Services* (1978) 436 U.S. 658 for maintaining a policy, custom or practice of permitting or encouraging the excessive use of force by its police officers, thereby demonstrating the CITY OF SANTA

Complaint for Damages                                           5

ROSA'S ratification, condonation or acquiescence rising to the level of condonation of the use of excessive force by its police officers.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereunder.

## SECOND CAUSE OF ACTION

### Excessive and Unreasonable Use of Force and/or Violence in Violation of California Civil Code § 52.1 - The Bane Civil Rights Act

### Against All Defendants

19.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 18, as if set forth in full in this Second Cause of Action.

20.    On or about March 21, 2006, the POLICE OFFICERS complained of herein, through the use of force or violence or threats of force or violence, wrongfully interfered with or attempted to interfere with Plaintiff's exercise and enjoyment of his civil rights as secured by the Constitution of the United States (including but not limited to Plaintiff's rights under the Fourth, Sixth and Fourteenth Amendments), the California Constitution (including but not limited to Art. I, §§ 1 and 13), and/or Federal or State statutes (including but not limited to 42 U.S.C. § 1983 and California Civil Code section 1708).

21.    In wrongfully interfering with or attempting to interfere with Plaintiff's rights as complained of herein, the POLICE OFFICERS violated California Civil Code § 52.1 otherwise known as The Bane Civil Rights Act.

22.    Pursuant to California Civil Code § 52.1, subdivision (b), Plaintiff hereby bring an action for damages against Defendants, and each of them, for violation of Plaintiff's civil

Complaint for Damages                                    6

rights as complained of herein. At this time, Plaintiff does not include an action for injunctive or equitable relief, but expressly reserve the right to further amend this Complaint for Damages to seek such relief as the need arises and to seek specific restraining orders from this Court to prohibit further civil rights violations by Defendants, and each of them, against Plaintiff.

23.     As to the individual POLICE OFFICERS named herein, each of them is liable to Plaintiff for punitive or exemplary damages pursuant to California Civil Code section 52.1, subdivision (b), in an amount according to proof at the time of Trial because the conduct of the individual POLICE OFFICERS, as complained of herein; including but not limited to the excessive and unreasonable force used was willful, reckless, malicious, without justification, and done with a deliberate indifference to Plaintiff's rights rising to the level of an evil motive toward Plaintiffs. Plaintiff prays for an amount of punitive damages against the individual POLICE OFFICERS named herein that is sufficient to deter such wrongdoing in the future and to make an example of said POLICE OFFICERS.

24.     As a further direct and proximate result of the POLICE OFFICERS' actions as complained of herein, Plaintiff has incurred or will incur attorneys' fees and related litigation costs recoverable under California Civil Code § 52.1, subdivision (h), in an amount according to proof at the time of Trial.

25.     Defendant CITY OF SANTA ROSA may be held vicariously liable for the acts or omissions of Defendant POLICE OFFICERS as set forth in this Cause of Action pursuant to California Govt. Code § 815.2.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereunder.

Complaint for Damages                    7

## THIRD CAUSE OF ACTION

### Assault

### Against All Defendants

26.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, and 15 through 18, as if set forth in full in this Third Cause of Action.

27.    In doing the acts complained of herein, the POLICE OFFICERS intended to place Plaintiff in apprehension of a harmful or offensive contact with Plaintiff's person.

28.    The actions of the POLICE OFFICERS complained of herein did, in fact, place Plaintiff in apprehension of a harmful or offensive contact with Plaintiff's person.

29.    As a direct and proximate result of the actions of the POLICE OFFICERS complained of herein, Plaintiff sustained damages to his person and psyche as more fully pleaded herein, for which Defendant CITY OF SANTA ROSA can also be held vicariously liable as set forth in California Govt. Code § 815.2.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereunder.

## FOURTH CAUSE OF ACTION

### Battery

### Against All Defendants

30.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, and 15 through 18, as if set forth in full in this Fourth Cause of Action.

31.    In doing the acts complained of herein, the POLICE OFFICERS intended to cause a harmful or offensive contact with Plaintiff's person.

Complaint for Damages                    8

32.    The actions of the POLICE OFFICERS complained of herein did, in fact, cause a harmful or offensive contact with Plaintiff's person.

32.    As a direct and proximate result of the actions of the POLICE OFFICERS complained of herein, Plaintiff sustained damages to his person and psyche as more fully pleaded herein, for which Defendant CITY OF SANTA ROSA can also be held vicariously liable as set forth in California Govt. Code § 815.2.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereunder.

## FIFTH CAUSE OF ACTION

### False Arrest

### Against All Defendants

34.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, and 15 through 18 as if set forth in full in this Fifth Cause of Action.

35.    In doing the acts complained of herein, Defendant POLICE OFFICERS seized and arrested Plaintiff maliciously and without just, probable or reasonable cause, and without any warrant or order of commitment or any other legal authority of any kind, when Plaintiff had not committed any crime or public offense.

36.    As a direct and proximate result of the actions of the POLICE OFFICERS complained of herein, Plaintiff sustained damages to his person and psyche as more fully pleaded herein, for which Defendant CITY OF SANTA ROSA can also be held vicariously liable as set forth in California Govt. Code § 815.2.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set

Complaint for Damages                    9

forth hereunder.

## SIXTH CAUSE OF ACTION

### False Imprisonment

### Against All Defendants

37.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, and 15 through 18 as if set forth in full in this Sixth Cause of Action.

38.    In doing the acts complained of herein, Defendant POLICE OFFICERS intentionally deprived Plaintiff of his freedom and liberty of movement by the unreasonable use of physical force, violence, threats and menacing behavior to which Plaintiff did not freely and voluntarily consent.

39.    As a direct and proximate result of the actions of the POLICE OFFICERS complained of herein, Plaintiffs sustained damages to his person and psyche as more fully pleaded herein, for which Defendant CITY OF SANTA ROSA can also be held vicariously liable as set forth in California Govt. Code § 815.2.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereunder.

## SEVENTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

### Against All Defendants

40.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, and 15 through 18 as if set forth in full in this Seventh Cause of Action.

41.    In doing the acts complained of herein, the POLICE OFFICERS intended to cause

Complaint for Damages                          10

Plaintiff to suffer severe and extreme emotional distress.

42.    The actions of the POLICE OFFICERS complained of herein did, in fact, cause Plaintiff to suffer severe and extreme emotional distress.

43.    As a direct and proximate result of the actions of the POLICE OFFICERS complained of herein, Plaintiff sustained damages to his person and psyche as more fully pleaded herein, for which Defendant CITY OF SANTA ROSA can also be held vicariously liable as set forth in California Govt. Code § 815.2.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as set forth hereunder.

## EIGHTH CAUSE OF ACTION

### Negligence

### Against All Defendants

44.    Plaintiff hereby incorporates the allegations of paragraphs 1 through 11, and 15 through 18 as if set forth in full in this Eighth Cause of Action.

45.    In doing the acts complained of herein, the individual Defendants named herein owed a duty to Plaintiff to exercise reasonable care in the performance of their official duties, including but not limited to, exercising reasonable force in discharging their duties as duly-sworn police officers.

46.    At all pertinent times complained of herein, the individual Defendants named herein breached their official duties by using excessive and unreasonable force against Plaintiff, and in doing each and every thing set forth in this Complaint for Damages.

47.    As a direct and proximate result of the actions of the individual Defendants,

Complaint for Damages                    11

Plaintiff has suffered great physical harm to his person and psyche, extreme emotional distress and humiliation, embarrassment, pain and suffering, deprivation of liberty and damage to Plaintiff's general well-being.

48.    Furthermore, at all pertinent times complained of herein, Defendant CITY OF SANTA ROSA and SANTA ROSA POLICE DEPT. knew or should have known that the individual Defendants named herein acted or were prone to act in an inappropriate or unlawful manner in discharging their duties as duly-sworn police officers, and therefore proximately and foreseeably caused Plaintiff's injuries as complained of herein, and can be held vicariously liable for the actions of the individual Defendants named herein pursuant to California Govt. Code § 815.2.

49.    Moreover, Defendant CITY OF SANTA ROSA is directly liable to Plaintiff for negligent hiring, training, supervision, retention and discipline of its employees, including but not limited to the individual Defendants named herein.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

### On the First Cause of Action

1.    For general and special damages, according to proof;

2.    For an award of punitive damages against the individual Defendants, according to proof;

3.    For attorneys' fees and costs of suit pursuant to 42 U.S.C. § 1988;

4.    For interest according to law; and

5.    For such other and further relief as the Court deems appropriate.

Complaint for Damages                                    12

## On the Second Cause of Action

1.  For general and special damages, according to proof;

2.  For an award of punitive damages against the individual Defendants, according to proof;

3.  For statutory penalties pursuant to California Civil Code § 52.1, subdivision (b);

4.  For attorneys' fees and costs of suit pursuant to California Civil Code § 52.1, subdivision (h);

5.  For interest according to law; and

6.  For such other and further relief as the Court deems appropriate.

## On the Third, Fourth, Fifth, Sixth, Seventh Eighth and Ninth

1.  For general and special damages, according to proof;

2.  For an award of punitive damages against the individual Defendants, according to proof;

3.  For attorneys' fees and costs of suit;

4.  For interest according to law; and

5.  For such other and further relief as the Court deems appropriate.

Dated: February 20, 2007

LAW OFFICES OF FRANK J. CHRISTY, JR.


By: _____
Frank J. Christy, Jr.
Attorney for Plaintiff
JONATHAN SHUMAN

Complaint for Damages

13

# EXHIBIT "A"

RECEIVED

JUL 0 6 2006

CITY OF SANTA ROSA
CITY ATTORNEY

1   FRANK J. CHRISTY, JR., SBN 119615
    LAW OFFICES OF FRANK J. CHRISTY, JR.
2   11 Western Avenue
    Petaluma, CA 94952
3   Telephone: (707) 773-2714
    Facsimile: (707) 762-3538
4   Attorney for Claimant
    JONATHAN D. SHUMAN

5

6

7

8

9   JONATHAN D. SHUMAN,

10        Claimant,

11     vs.

12   CITY OF SANTA ROSA,

13        Respondent.

14

15

    STATUTORY CLAIM AGAINST
    PUBLIC ENTITY

16     TO CITY OF SANTA ROSA:

17     Claimant JONATHAN D. SHUMAN hereby makes claim against the CITY OF SANTA

18   ROSA and makes the following statements in support of said claim:

19               **NAME AND ADDRESS OF CLAIMANT**

20

21     Claimant JONATHAN D. SHUMAN care of FRANK J. CHRISTY, JR., SBN 119615,

22   LAW OFFICES OF FRANK J. CHRISTY, JR., 11 Western Avenue, Petaluma, California

23   94952, Telephone: (707) 773-2714 - Facsimile: (707) 762-3538.

24        **PERSON TO WHOM NOTICES SHOULD BE SENT**

25

26     FRANK J. CHRISTY, JR., SBN 119615, LAW OFFICES OF FRANK J. CHRISTY, JR.,

27   11 Western Avenue, Petaluma, California 94952, Telephone: (707) 773-2714 - Facsimile:

28   (707) 762-3538.

Law Offices of
Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952
(707) 773-2714

STATUTORY CLAIM AGAINST PUBLIC ENTITY

1

1

## DATE AND TIME OF INJURY

2  March 21, 2006, at approximately 2315 hours.

3

## LOCATION OF OCCURRENCE

4

5  Santa Rosa, California.

6  ## CIRCUMSTANCES OF OCCURRENCE

7  That on or about March 21, 2006, 2315 hours, Claimant, who was walking home, was

8  stopped by Officer Quinones of the Santa Rosa Police Department; that Officer Quinones

9  thereafter called for backup at which point Officers Mann and Phillips responded to the scene;

10  that Officer Quinones placed Claimant under arrest, cuffed Claimant and placed him in the back

11

12  of Officer Mann's patrol car, that Claimant thereafter attempted to get the attention of the

13  officers so that they would be sure to bring his medication with them to the Jail; that Officer

14  Phillips thereafter pulled Claimant out of the patrol car and threw Claimant to the ground causing

15

16  injury to Claimant's face and left shoulder; that Claimant was then hog-tied and placed back in

17  the patrol car without any attempt to restrain him; thereafter, Officer Mann drove Claimant to the

18  Sonoma County Jail – without having his injuries examined at a hospital - and during the drive to

19  the Jail Officer Mann "break checked" Claimant; and that when Officer Mann arrived at the

20  Sonoma County Jail, Officer Mann boasted to law enforcement officers present that he "fucking

21

22  break checked" Claimant.

23  ## DESCRIPTION OF DAMAGES

24  This claim is for general damages; special damages, violation of Federal and State

25  constitutional rights, emotional distress, loss of income, loss of earning capacity, punitive

26

27  damages, statutory penalties attorneys' fees and costs of suit, arising from the use of excessive

28  force by officers of the City of Santa Rosa Police Department in violation of 42 U.S.C. section

Law Offices of
Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952
(707) 773-2714

STATUTORY CLAIM AGAINST PUBLIC ENTITY

2

1    1983, California Civil Code section 52.1, false arrest, false imprisonment, negligence, assault

2    and battery, intentional and negligent infliction of emotional distress, and any and all related

3    statutory, constitutional or common law claims.

4
## IDENTITY OF PUBLIC EMPLOYEES CAUSING INJURY

5

6        Claimant is informed and believes and thereon alleges that the public employee(s)

7    causing and allowing the injuires to him are Officers Mann, Phillips and Quinones of the Santa

8    Rosa Police Department.

9
## AMOUNT OF CLAIM

10

11        As of this date, the claim is in an amount within the jurisdiction of the Sonoma County

12    Superior Court (Unlimited Jurisdiction). The claim is based upon an amount to be proven later.

13
## IDENTITY OF WITNESSES

14

15        Witnesses include Claimant, Officers Mann, Phillips and Quinones of the Santa Rosa

16    Police Department, Correctional Officer Brett Bartlett, Officers M. Phennicie and Richard

17    Shuman of the California Highway Patrol.

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Law Offices of
Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952
(707) 773-2714

STATUTORY CLAIM AGAINST PUBLIC ENTITY                                3

1

## COURT OF APPROPRIATE JURISDICTION

2      The California Court of appropriate jurisdiction of the claim is the Superior Court in and

3   for the County of Sonoma.

4   DATED:  July 6, 2006                    LAW OFFICES OF FRANK J. CHRISTY, JR.

5

6

7

8

9                                           Frank J. Christy, Jr.
                                            Attorney for Claimant
10                                          JONATHAN D. SHUMAN

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Offices of
Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952
(707) 773-2714

STATUTORY CLAIM AGAINST PUBLIC ENTITY                                4

August 21, 2006

## NOTICE OF REJECTION OF CLAIM

Jonathan D. Shuman
c/o Frank J. Christy, Jr., Esq.
Law Offices of Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952

RE: CLAIM OF JONATHAN D. SHUMAN

NOTICE IS HEREBY GIVEN that the claim which you presented to the City of Santa Rosa on July 6, 2006, was rejected on August 21, 2006.

### WARNING

SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE THIS NOTICE WAS PERSONALLY DELIVERED OR DEPOSITED IN THE MAIL TO FILE A COURT ACTION ON YOUR STATE LAW CLAIMS. SEE GOVERNMENT CODE §945.6. (THIS NOTICE DOES NOT APPLY TO ANY CLAIM YOU MAY HAVE UNDER FEDERAL LAW, AND YOUR TIME FOR FILING AN ACTION ON ANY FEDERAL LAW CLAIM MAY BE LESS THAN SIX MONTHS.)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY OF YOUR CHOICE IN CONNECTION WITH THE MATTER. IF YOU DESIRE TO CONSULT AN ATTORNEY, YOU SHOULD DO SO IMMEDIATELY.

PROOF OF SERVICE BY MAIL

I declare that:

I am employed in the County of Sonoma, State of California.

I am over the age of eighteen (18) years and not a party to the within entitled cause, my business address is 100 Santa Rosa Avenue, Santa Rosa, California, 95404.

On August 21, 2006, I served the attached:

NOTICE OF REJECTION OF CLAIM

by placing a true copy therein in a sealed envelope, addressed as follows:

Jonathan D. Shuman
c/o Frank J. Christy, Jr., Esq.
Law Offices of Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952

I placed such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the City of Santa Rosa's practice for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 21, 2006, at Santa Rosa, California.

_____
Mary Pforsich

# EXHIBIT "B"

August 21, 2006

## NOTICE OF REJECTION OF CLAIM

Jonathan D. Shuman
c/o Frank J. Christy, Jr., Esq.
Law Offices of Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952

RE: CLAIM OF JONATHAN D. SHUMAN

NOTICE IS HEREBY GIVEN that the claim which you presented to the City of Santa Rosa on July 6, 2006, was rejected on August 21, 2006.

## WARNING

SUBJECT TO CERTAIN EXCEPTIONS, YOU HAVE ONLY SIX (6) MONTHS FROM THE DATE THIS NOTICE WAS PERSONALLY DELIVERED OR DEPOSITED IN THE MAIL TO FILE A COURT ACTION ON YOUR STATE LAW CLAIMS. SEE GOVERNMENT CODE §945.6. (THIS NOTICE DOES NOT APPLY TO ANY CLAIM YOU MAY HAVE UNDER FEDERAL LAW, AND YOUR TIME FOR FILING AN ACTION ON ANY FEDERAL LAW CLAIM MAY BE LESS THAN SIX MONTHS.)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY OF YOUR CHOICE IN CONNECTION WITH THE MATTER. IF YOU DESIRE TO CONSULT AN ATTORNEY, YOU SHOULD DO SO IMMEDIATELY.

<u>PROOF OF SERVICE BY MAIL</u>

I declare that:

I am employed in the County of Sonoma, State of California.

I am over the age of eighteen (18) years and not a party to the within entitled cause, my business address is 100 Santa Rosa Avenue, Santa Rosa, California, 95404.

On August 21, 2006, I served the attached:

## NOTICE OF REJECTION OF CLAIM

by placing a true copy therein in a sealed envelope, addressed as follows:

Jonathan D. Shuman
c/o Frank J. Christy, Jr., Esq.
Law Offices of Frank J. Christy, Jr.
11 Western Avenue
Petaluma, CA 94952

I placed such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the City of Santa Rosa's practice for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on August 21, 2006, at Santa Rosa, California.

Mary Pforsich

**EXHIBIT B**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA
CIVIL DIVISION
600 ADMINISTRATION DRIVE, ROOM 107-J
SANTA ROSA, CALIFORNIA 95403-2878
(707) 565-1100
www.sonomasuperiorcourt.com

(FOR COURT USE ONLY)

ENDORSED
FILED

FEB 20 2007

SUPERIOR COURT
OF CALIFORNIA
COUNTY OF SONOMA

NOTICE OF ASSIGNMENT TO ONE JUDGE FOR ALL PURPOSES,
NOTICE OF CASE MANAGEMENT CONFERENCE,
and ORDER TO SHOW CAUSE

☐ Collections (see footnote)

Case number:
SCV   240232

## A COPY OF THIS NOTICE MUST BE SERVED WITH THE SUMMONS AND COMPLAINT AND WITH ANY CROSS-COMPLAINT

1. **THIS ACTION IS ASSIGNED TO HON. ___ELAINE RUSHING___ FOR ALL PURPOSES.**
   Pursuant to California Rules of Court, Rule 201(f)(7), the assigned judge's name must appear below the number of the case and the nature of the paper on the first page of each paper presented for filing.

2. A Case Management Conference has been set at the time and place indicated below:

   Date: JUN 2 8 2007    Time: 8:30am    Courtroom: 19
   Location: 1450 Guerneville Road
   Santa Rosa, CA 95403

3. No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement [Judicial Council form #CM-110] and serve it on all other parties in the case. In lieu of each party's filing a separate case management statement, any two or more parties may file a joint statement.

4. At the conference, counsel for each party and each self-represented party must appear personally or by telephone [California Rules of Court, Rule 298(c)(2)]; must be familiar with the case; and must be prepared to discuss and commit to the party's position on the issues listed in California Rules of Court, Rule 212(e)-(f).

5. Pre-approved dispositions are recorded three (3) court days prior to the case management conference. These may be obtained by calling (707) 565-2770 or by going to http://www.sonomasuperiorcourt.com/tentative/index.php.

## ORDER TO SHOW CAUSE

To Plaintiff(s), Cross-complainants, and/or their attorneys of record:
If, on the date shown above, you are not in compliance with timely filing requirements stated in California Rules of Court, Rules 201.7(b), 201.7(c), 201.7(g), 201.7(h), 201.7(i) and/or 212(g), you must then and there show cause why this Court should not impose monetary and/or terminating sanctions.

---

* **Telephone appearances are not allowed.** Case Management Conferences in Collections cases incorporate a settlement conference.  Counsel/parties *with settlement authority* are required to appear in person.

CV-1 [Rev. November 29, 2004] NTC OF ASSIGNMENT OF 1 JUDGE FOR ALL PURPOSES, NTC OF CMC & OSC   CRC, Rules 212-213, 227, 298; CCP§§177.5, 583.410

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| ADR INFORMATION SHEET<br>[Sonoma County Superior Court Rules, Rule 16] | CASE NUMBER: |
|---|---|
| (Check one): ☐ UNLIMITED CASE<br>(Amount demanded exceeds $25,000) ☐ LIMITED CASE<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

## NOTICE TO ALL PARTIES AND THEIR ATTORNEYS

The policy of the Sonoma County Superior Court is:
"The formal litigation of legal claims and disputes is expensive and time consuming. The overall results achieved by some or all of the parties are often unsatisfactory. There are many modern alternatives to formal court litigation which are less expensive, less time consuming, and more beneficial to the parties. It is therefore the firm policy and goal of this court to encourage the parties in all civil cases to explore and pursue private dispute resolution alternatives at the earliest possible date." (Local Rule 16.1.)

Although most (90-98%) cases do settle, many settlements come only after a considerable amount of time, money, and resources have been expended. Such expenditures, as well as the adversarial nature of litigation, can be a disincentive to settlement. The Sonoma County Superior Court encourages the use of Alternative Dispute Resolution (ADR) as early as possible after the parties become aware of a dispute.

Most ADR processes are voluntary and are paid for by the parties themselves, but ADR has proved in many cases to be faster, cheaper, and more effective than traditional litigation.

## ADVANTAGES OF ADR:

The filing of your complaint or answer may be just the beginning of the costs that you will incur during the course of your lawsuit. Lawsuits can be extremely costly. By utilizing ADR methods early in the course of your case, you may significantly reduce these costs by either resolving the case before expensive discovery and trial proceedings are commenced or by narrowing the scope of your discovery by identifying disputed and undisputed factual and legal issues.

ADR can be a fast, economical, efficient, and effective way to resolve civil cases, and most litigants report satisfaction with the process. ADR procedures can be scheduled at your convenience and can be completed in a fraction of the time required for traditional litigation. The cost of ADR will depend on the procedure and the provider you select, and the cost is typically less than litigation.

Most ADR processes are confidential but can result in enforceable agreements. Many ADR processes will give you an opportunity to test the strengths and weaknesses of your case without adverse impact in the event of a trial. Depending upon the method of ADR you select, it may be the last chance for you to control the outcome of your dispute before you place the decision in the hands of a judge or jury.

## METHODS OF ADR:

**A. MEDIATION:** Mediation is one of the most frequently used methods of ADR because it is informal, quick, convenient and confidential. In this process the parties select a neutral mediator who facilitates the identification of issues and areas of agreement and assists in finding a resolution or settlement of the dispute. Since mediation requires the agreement of the parties to resolve the matter, control of the proceedings and a determination of the settlement terms remains completely in the parties' hands. The mediator remains neutral and assists the parties in arriving at terms that are mutually agreeable.

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**B. ARBITRATION:** The parties jointly employ a neutral third party or a panel of neutrals to listen to both sides and render a decision. The parties are free to make the arbitrator's decision binding or non-binding. When non-binding, the arbitrator's decision serves as guide or influence upon the parties to bring them closer to settlement. If it is binding, the decision of the arbitrator will be final and generally avoids any further proceedings in the case. Non-binding judicial arbitration may be ordered in certain cases before trial.

**C. EARLY NEUTRAL EVALUATION:** A neutral evaluator is hired by the parties to give an evaluation of the case to help settle it. You or your attorney will be permitted to prepare a written statement, present critical witnesses or other evidence, argue your case to the evaluator, meet separately and confidentially with the evaluator, and utilize the evaluator to communicate any settlement offers to the opposing party.

**D. PRIVATE SETTLEMENT CONFERENCE:** A voluntary settlement conference is similar to early neutral evaluation in that the parties employ a neutral settlement officer who attempts to persuade the parties to accept a compromise position. It is a form of facilitated negotiation in which the settlement officer may express an opinion about the value of the case, the substantive merits of each party's position, and the probable outcome of the trial.

There are various other methods or combinations of methods of ADR, such as summary jury trial, mini-trial, special master and discovery referee. The court encourages the parties to be creative in selecting the process which has the best chance of resolving the case as quickly, effectively, and inexpensively as possible. You will have a chance to review your ADR options at the time of the Early Mediation and Case Management Conference.

The undersigned party is willing to agree to any of the following forms of ADR at this time (for family law and probate actions only). Your selection will inform the other parties in the case of your current thoughts regarding the use of ADR. If all parties agree on a particular ADR method, you will be asked to file a stipulation on the court's form. The stipulation form (Sonoma County Superior Court form #MISC-101) can be found at the court's web site and is available at the court.)

☐ Mediation                          ☐ Early Neutral Evaluation

☐ Non-binding Private Arbitration    ☐ Binding Private Arbitration

☐ Voluntary Settlement Conference    ☐ Summary Jury Trial

☐ Other _____       ☐ Judicial Arbitration

I / We certify that I / We have read and understood (or have had explained to me / us) the foregoing.

Date: _____        _____
                                        Signature of Party

Date: _____        _____
                                        Signature of Party

Date: _____        _____
                                  Signature of Attorney for Party
                              ☐ Additional signatures are attached

**NOTE: This form requires the signatures of the parties and their attorney. All parties must complete, file and serve this form in accordance with Sonoma County Superior Court Rules, Rule 16. See Rule 16.3 for specific filing and service instructions.**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:                    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SONOMA**<br>600 ADMINISTRATION DRIVE, ROOM 107-J<br>SANTA ROSA, CALIFORNIA 95403-2878 | |
| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT: | |

| | CASE NUMBER: |
|---|---|
| **STIPULATION AND ORDER REFERRING MATTER TO ALTERNATIVE DISPUTE RESOLUTION**<br><br>(Check one):  ☐ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000)  ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | Date:<br>Time:<br>Location:<br>Assigned Judge: |

The parties hereby stipulate to refer the case to the following Alternate Dispute Resolution Process:

☐ Mediation                          ☐ Non-binding Private Arbitration
☐ Binding Private Arbitration        ☐ Private Settlement Conference
☐ Early Neutral Evaluation           ☐ Judicial Arbitration

The ADR process will be conducted by (name of individual): _____

   Provider's Address: _____

   Provider's Telephone: _____  Fax: _____  E-mail address: _____
   ☐ No agreement
The ADR process will be conducted on (date): _____
   ☐ No agreement

☐  The parties have reached agreement as to the payment of fees of ADR provider.
☐  The parties have not reached agreement as to the payment of fees of ADR provider.

_____
Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

_____
**(Date and Sign)** Attorney or party without
attorney (Sign in blue ink)

_____
Type or print name of ☐ Party without attorney ☐ Attorney for
☐ Plaintiff/Petitioner ☐ Defendant/Respondent/Contestant

_____
**(Date and Sign)** Attorney or party without
attorney (Sign in blue ink)

☐  Additional signatures are attached

---

CV-7 [Rev. June 14, 2004]    STIPULATION AND ORDER REFERRING MATTER TO ADR    SCR, Rules 16 & 22

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

## ORDER

**A REVIEW HEARING IS SCHEDULED AS FOLLOWS:**

_____          _____
            Date                              Time

All parties must appear at the Review Hearing.  In the event that the case is settled and a dismissal, a notice of settlement or a judgment is filed at least 3 court days before the scheduled Review Hearing, the Review Hearing will be dropped  and no one should appear. You must check the phone message at _____or go to http://www.SonomaSuperiorCourt.com/tentative/index.html where the tentative dispositions will be posted the day before you are scheduled to come to court to determine if you must appear.

*THE FIRST ATTORNEY OR PARTY LISTED  MUST FILE PROOF OF SERVICE OF A COPY OF THIS ORDER ON ALL PARTIES.*

_____          _____
            Date                              JUDGE OF THE SUPERIOR COURT

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):*

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)    ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:              Dept.:            Div.:              Room:
Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action):*

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2005] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rule 212 |
|---|---|---|

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐  Additional representation is described in Attachment 8.

9.  **Preference**
☐  This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.  Counsel ☐ has ☐ has not    provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:
　　　　(1) ☐   Mediation
　　　　(2) ☐   Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before
　　　　　　　　arbitration under Cal. Rules of Court, rule 1612)
　　　　(3) ☐   Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days
　　　　　　　　before trial; order required under Cal. Rules of Court, rule 1612)
　　　　(4) ☐   Binding judicial arbitration
　　　　(5) ☐   Binding private arbitration
　　　　(6) ☐   Neutral case evaluation
　　　　(7) ☐   Other *(specify)*:


　　e.   ☐   This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
　　f.   ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil
　　　　　　　Procedure section 1141.11.
　　g.   ☐   This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court *(specify exemption)*:


**11. Settlement conference**
　　☐   The party or parties are willing to participate in an early settlement conference *(specify when)*:


**12. Insurance**
　　a.   ☐   Insurance carrier, if any, for party filing this statement *(name)*:
　　b.   Reservation of rights:   ☐ Yes   ☐ No
　　c.   ☐   Coverage issues will significantly affect resolution of this case *(explain)*:


**13. Jurisdiction**
　　Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
　　☐ Bankruptcy   ☐ Other *(specify)*:
　　Status:

**14. Related cases, consolidation, and coordination**
　　a.   ☐   There are companion, underlying, or related cases.
　　　　　　(1) Name of case:
　　　　　　(2) Name of court:
　　　　　　(3) Case number:
　　　　　　(4) Status:
　　　　☐   Additional cases are described in Attachment 14a.
　　b.   ☐   A motion to   ☐ consolidate   ☐ coordinate   will be filed by *(name party)*:

**15. Bifurcation**
　　☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
　　　　action *(specify moving party, type of motion, and reasons)*:


**16. Other motions**
　　☐   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.USCourtForms.com

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

    a. ☐ The party or parties have completed all discovery.

    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

    Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

 

| _____ | ▶ | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

| _____ | ▶ | _____ |
|---|---|---|
| (TYPE OR PRINT NAME) | | (SIGNATURE OF PARTY OR ATTORNEY) |

    ☐ Additional signatures are attached

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.USCourtForms.com

# NOTICE

## SONOMA COUNTY SUPERIOR COURT
## CIVIL DIVISION PRO TEM JUDGE PROGRAM

This is to advise that the Civil Division's Pro Tem Judge Program is available to those civil litigants who wish to expedite trial by stipulating to the use of an attorney to serve as Pro Tem Judge. The court maintains a Pro Tem Judge panel, which consists of attorneys sworn by the Court and willing to serve in this capacity. Parties may stipulate to a trial by a Pro Tem Judge of their choice and may inform the Court of such a stipulation by contacting Connie Origer, the Pro Tem Judge Program Coordinator, at (707) 565-6430.

The Program offers three primary benefits to litigants: (1) the date and location of trial can often be scheduled by stipulation of the parties; (2) the trial will take place on the agreed date for trial, thus eliminating the need to trail other cases, and; (3) the trial can be scheduled for full days on a 5 day per week basis, thus shortening the time to try the case. The Program is available for both jury and court trials.

For cases that are tried in 5 days or less (9:00 a.m. to 5:00 p.m., jury or non-jury), the Pro Tem Judge serves at no cost to the parties. For trials that exceed 5 days in length, the parties and the Pro Tem Judge are obliged to agree to a daily fee, not to exceed $1,200 per day, for each full or partial day of trial beginning with the 6th day of trial. Additionally, the Court will charge the parties $656.72 for each day of trial for the Clerk and Court Reporter. The Court discourages the use of overtime and will charge an additional cost of $123.14 for each hour or portion thereof exceeding 8 hours in any day. The parties are also responsible for the payment of jury fees as in any other civil case. Cases in which there are fee waivers are eligible for the Program.

The Court is enthusiastic about this Program and urges all counsel to discuss the availability of the Program and the feasibility of its use with opposing counsel. Counsel must also obtain permission from clients to participation in the Program. To participate in the Program, contact Ms. Origer as soon as possible to discuss trial dates. Ms. Origer will generate and mail all required stipulations and orders with respect to the Program. Parties may obtain additional information on this program by contacting Ms. Origer or by reviewing the court's website at www.sonomasuperiorcourt.com.

Plaintiff is ordered to serve this Notice on all parties and to certify by proof of service filed with the Court that such service has been accomplished within 60 days of the filing of the Complaint.

CERTIFICATE OF SERVICE

I am employed in the County of Sonoma, State of California. I am over the age of 18 years and not a party to the within action. My business address is 100 Santa Rosa Avenue, Room 8, Santa Rosa, California.

On May 8, 2007, I served the attached:

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b)**

The name and address of the person served as shown on the envelope is:

Frank J. Christy, Jr., Esq.                    Attorney for Plaintiff
Law Offices of Frank J. Christy, Jr.          JONATHAN SHUMAN
11 Western Avenue
Petaluma, CA 94952
Tel: (707) 773-2714
Fax: (707) 762-3538

[X]     (BY MAIL) I placed each such sealed envelope, with postage thereon fully prepaid for first-class mail, for collection and mailing at Santa Rosa, California, following ordinary business practices. I am readily familiar with the practice of the Santa Rosa City Attorney's Office for processing of correspondence, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for processing.

[ ]     (BY EXPRESS MAIL) I deposited such sealed envelope in a post office, mailbox, subpost office, substation, or mail chute, or other like facility regularly maintained by the United States Postal Service for receipt of Express Mail with postage fully prepaid to the addressee(s) noted above.

[ ]     (BY OVERNIGHT DELIVERY) I deposited such sealed envelope in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) noted above.

[ ]     (BY PERSONAL SERVICE) I caused each such envelope to be delivered by hand to the addressee(s) noted above.

[ ]     (BY FACSIMILE) I caused the said document(s) to be transmitted by facsimile machine to the addressee(s) noted above at the following service number(s): (707) 542-7139. The transmission was reported as complete and without error, and the transmission report attached hereto was properly issued by the transmitting facsimile machine.

I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made.

Executed on May 8, 2007, at Santa Rosa, California.

_____
Kathy M. Viall