1  BRIEN J. FARRELL, City Attorney (SBN 088318)
   CAROLINE L. FOWLER, Assistant City Attorney (SBN 110313)
2  City of Santa Rosa
   100 Santa Rosa Avenue
3  P. O. Box 1678
   Santa Rosa, California 95402-1678
4
   Telephone: (707) 543-3040
5  Facsimile: (707) 543-3055

6  Attorneys for Defendants
   CITY OF SANTA ROSA; BRIAN MANN, an individual and
7  Officer of the SANTA ROSA POLICE DEPARTMENT; DAVID PHILLIPS,
   an individual and Officer of the SANTA ROSA POLICE DEPARTMENT
8  and DENISE QUINONES, an individual and officer of the
   SANTA ROSA POLICE DEPARTMENT
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN SHUMAN,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SANTA ROSA, a chartered city; BRIAN MANN, an individual and officer of the SANTA ROSA POLICE DEPT.; _____ PHILLIPS, an individual and officer of the SANTA ROSA POLICE DEPT.; _____ QUINONES, an individual and officer of the SANTA ROSA POLICE DEPT. and DOES ONE through FIFTY, inclusive.<br><br>Defendants.<br>_____/ | Case No. C 07-2498 SBA<br><br>**DEFENDANTS' ANSWER TO COMPLAINT FOR DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants CITY OF SANTA ROSA, BRIAN MANN and individual and officer of the SANTA ROSA POLICE DEPARTMENT, DAVID PHILLIPS (erroneously sued herein as _____ PHILLIPS), an individual and officer of the SANTA ROSA POLICE DEPARTMENT, DENISE QUINONES (erroneously sued herein as _____ QUINONES), an individual and officer of the SANTA ROSA POLICE DEPARTMENT answer the Complaint as modified by the Stipulation and Order re Dismissal of Portions of the Complaint as follows and respectfully request a jury trial:

## ALLEGATIONS REGARDING JURISDICTION AND VENUE

1. Answering paragraph 1 of the complaint, these answering defendants are informed and believe and based on such information and belief admit that the Superior Court of the State of California has jurisdiction over plaintiff's claims however Defendants have elected to remove this action to Federal Court which has jurisdiction over this action.

2. Answering paragraph 2 of the complaint, these answering defendants are informed and believe and based on such information and belief admit that Venue in Sonoma County would have been proper however Defendants have elected to remove this action to Federal Court and venue is now proper in this court.

3. Answering paragraph 3 of the complaint, these answering defendants lack sufficient information and or belief to respond to the allegations set forth in said paragraph and basing their denial on that grounds deny the allegations set forth in paragraph 3.

4. Answering paragraph 4 of the complaint, Defendants admit the allegations set forth therein.

5. Answering paragraph 5 of the complaint, Defendants admit the allegations set forth therein.

## PARTIES

6. Answering paragraph 6 of the complaint these answering defendants lack sufficient information and or belief to respond to the allegations set forth in said paragraph and basing their denial on that grounds deny the allegations set forth in paragraph 6.

7. Answering paragraph 7 of the complaint, these answering defendants admit that the City of Rosa is a chartered city and a municipal corporation incorporated under the laws of the State of California. Defendants deny that the Santa Rosa Police Department is a separate legal entity or agency.

8. Answering paragraph 8 of the complaint, these answering defendants admit that Defendant Brian Mann is a sworn officer of the Santa Rosa Police Department of the City of Santa Rosa. These answering defendants lack sufficient information and or belief to respond to the allegations regarding _____ Phillips and _____ Quinones set forth in said

paragraph and basing their denial on that grounds deny the remaining allegations set forth in paragraph 3. Defendants admit that if said allegations refer to Denise Quinones and David Phillips that defendants are sworn officers of the Santa Rosa Police Department.

9. Answering paragraph 9 of the complaint, these answering defendants lack sufficient information and or belief to enable them to respond to the allegations said forth in said paragraph and on that basis deny the allegations set forth in paragraph 9 of the complaint.

## GENERAL FACTUAL ALLEGATIONS

10. Answering paragraphs 10 and 11 of the complaint, these answering defendants deny the allegations set forth therein and the whole thereof.

## FIRST CAUSE OF ACTION

### Excessive and Unreasonable Use of Force in Violation of Civil Rights - 28 U.S.C.§ 1983
### Against All Defendants

11. Answering paragraph 12 of the complaint, these answering defendants refer to and incorporate by reference their responses to paragraphs 1-11 as though fully set forth herein.

12. Answering paragraphs 13, 14, 17 and 18, these answering defendants deny each and every allegation set forth therein and the whole thereof.

13. Answering paragraphs 15 and 16, these answering defendants lack sufficient information and or belief to enable them to respond to the allegations set forth therein and basing their denial on that ground deny each and every allegation set forth therein and the whole thereof.

## SECOND CAUSE OF ACTION

### Excessive and Unreasonable Use of Force and/or Violence in Violation of California Civil Code § 52.1 - The Bane Civil Rights Act
### Against All Defendants

14. Pursuant to the stipulation of the parties, this cause of action has been dismissed with prejudice and the defendants therefore do not respond to the allegations set forth in paragraphs 19-25, inclusive.

//

### THIRD CAUSE OF ACTION
#### Assault
#### Against All Defendants

15. Answering 26 of the complaint these answering defendants refer to an incorporate by reference their responses to paragraphs 1 through 11 and 15 through 18 as those fully set forth herein.

16. Answering paragraphs 27-29 inclusive, these answering defendants deny each and every allegations et forth therein and the whole thereof.

### FOURTH CAUSE OF ACTION
#### Battery
#### Against All Defendants

17. Answering paragraph 30 of the complaint, these answering defendants refer to an incorporate by reference their responses to paragraphs 1 through 11 and 15 through 18 as those fully set forth herein.

18. Answering paragraphs 31-33, these answering defendants deny each and every allegation set forth therein and the whole thereof.

### FIFTH CAUSE OF ACTION
#### False Arrest
#### Against All Defendants

19. Answering paragraph 34, these answering defendants refer to an incorporate by reference their responses to paragraphs 1 through 11 and 15 through 18 as those fully set forth herein.

20. Answering paragraphs 35-36 inclusive, these answering defendants deny each and every allegation set forth therein and the whole thereof.

### SIXTH CAUSE OF ACTION
#### False Imprisonment
#### Against All Defendants

21. Answering paragraph 37, these answering defendants refer to an incorporate by reference their responses to paragraphs 1 through 11 and 15 through 18 as those fully set forth herein.

22. Answering paragraphs 38-39 inclusive, these answering defendants deny each and every allegations set forth therein and the whole thereof.

### SEVENTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress
### Against All Defendant

23. Answering paragraph 40 of the complaint, these answering defendants refer to an incorporate by reference their responses to paragraphs 1 through 11 and 15 through 18 as those fully set forth herein.

24. Answering paragraphs 41-43 inclusive, these answering defendants deny each and every allegation set forth therein and the whole thereof.

### EIGHTH CAUSE OF ACTION
### Negligence
### Against All Defendants

25. Answering paragraph 44 of the complaint, these answering defendants refer to an incorporate by reference their responses to paragraphs 1 through 11 and 15 through 18 as those fully set forth herein.

26. Answering paragraphs 45-49 inclusive, these answering defendants deny each and every allegation set forth therein and the whole thereof.

### AFFIRMATIVE DEFENSES

1. At all times herein mentioned, defendants Brian Mann, David Phillips and Denise Quinones acted in good faith and believed that they were acting properly within the law and are therefore immune from liability and entitled to the application of qualified immunity.

2. Plaintiff fails to allege facts sufficient to state a cause of action against these answering defendants.

3. Defendant City of Santa Rosa is immune from punitive damages pursuant to the provisions of California Government Code § 818, and provisions of federal law.

4. Defendants acted within their scope of discretion, in good faith, with due care, and pursuant to applicable rules, regulations and practices, which were reasonably and in good faith believed to be in accordance with the Constitution and laws of the United States, and that defendants therefore are immune from liability.

5. All acts of defendants Brian Mann, David Phillips and Denise Quinones occurred in the proper exercise of police powers.

6. If, and to the extent that the allegations of the complaint attempt to enlarge upon the facts and contentions set forth in plaintiff's claim, said complaint fails to state a cause of action and violates the provisions of California Government Code, Chapter I (commencing with section 900) and Chapter II (commencing with section 910). Defendants reserve the right to move to strike such allegations.

7. Plaintiff has not timely complied with the claim filing requirements of the California Government Code.

8. Plaintiff's state remedies are adequate and therefore plaintiffs fail to allege facts sufficient to state a claim for deprivation of civil rights. Plaintiff was negligent in and about the matters alleged in the complaint.

9. Defendants are immune from liability to plaintiffs pursuant to the provisions of California Government Code §§ 815, 815.2, 815.6, 818.6, 818.8, 820.2, 820.4, 820.6, 820.8, 821, 821.4, 821.6, 821.8, and 822.2.

10. Plaintiff acted in violation of California law, thereby causing his injuries, if any there were.

11. Plaintiff was at fault and negligent in the matters set forth in the Complaint, and said fault and negligence contributed to and was the proximate cause of their injuries and damages, if any there were. Plaintiff's recovery must be diminished to the extent of said fault and negligence. Defendants will incur attorney's fees herein and are entitled to recover such fees.

12. To the extent that any force was used during the incident complained of, it was privileged as being reasonably necessary, and as being believed to be reasonably necessary, in the lawful defense of third parties.

13. To the extent that any force was used in detaining plaintiff, it was privileged as necessary to effect the detention, to prevent escape, or to overcome resistance.

14. Plaintiff's causes of actions are barred by the application of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

//

1     WHEREFORE, defendants pray for judgment as follows:

2     1.    That plaintiff take nothing by his complaint;

3     2.    That attorney's fees and costs be awarded to defendants; and

4     3.    For such further relief as the Court deems proper.

Dated: May 21, 2007

_Caroline L. Fowler_
Caroline L. Fowler
Assistant City Attorney
Attorney for Defendants
City of Santa Rosa, Santa Rosa Police Officers
Brian Mann, David Phillips and Denise Quinones